# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Case No: 2:18-CR-056 |
| v. | : |
| | : JUDGE MICHAEL H. WATSON |
| DAVID E. FAIRCHILD | : |
| | : |
| and | : 18 U.S.C. §§ 2251(a) & (e) |
| | : 18 U.S.C. §§ 2253(a)(1) & (3) |
| JESSE G. SZUBA | : |

**SUPERSEDING INDICTMENT**

**THE GRAND JURY CHARGES:**

## COUNT ONE

Beginning in at least approximately December of 2017, and continuing through in or about February of 2018, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio and elsewhere, the defendants, **DAVID E. FAIRCHILD** and **JESSE G. SZUBA (hereinafter "the defendants")**, did knowingly, intentionally, and unlawfully conspire, confederate and agree with each other, to employ, use, persuade, induce, and entice Jane Doe, an approximately two-year-old female, to engage in any sexually explicit conduct, as that term is defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct; and the defendants knew and had reason to know that such visual depictions would be transported and transmitted using a means or facility of interstate and foreign commerce; and such visual depictions actually were transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

It was a part of this conspiracy that the defendants utilized computers, cellular phones and the internet to communicate with each other about sexually abusing Jane Doe and John Doe,

an approximately four-year-old male. During these communications, the defendants exchanged child pornography files and discussed plans to engage in various sex acts with each other and with Jane Doe and John Doe.

It was further a part of this conspiracy that Defendant **FAIRCHILD** regularly communicated with Defendant **SZUBA** regarding Defendant **FAIRCHILD's** interactions with Jane Doe.

It was further a part of this conspiracy that Defendant **FAIRCHILD** engaged in sex acts with Jane Doe, and used and caused Jane Doe to engage in sexually explicit conduct; that Defendant **FAIRCHILD** utilized a cellular phone and laptop computer to produce visual depictions of Jane Doe engaged in such conduct; and that Defendant **FAIRCHILD** informed Defendant **SZUBA** of the visual depictions of sexually explicit conduct that he created of Jane Doe.

It was further a part of this conspiracy that Defendant **SZUBA** suggested that Defendant **FAIRCHILD** engage in additional sexual acts with Jane Doe, and requested that Defendant **FAIRCHILD** let Defendant **SZUBA** observe such sexual acts.

It was further a part of this conspiracy that Defendant **SZUBA** utilized cellular phones and the internet to transport and transmit nude images of John Doe to Defendant **FAIRCHILD**.

It was further a part of this conspiracy that Defendant **FAIRCHILD** utilized computers, cellular phones, and the internet to transport and transmit visual depictions of the sexually explicit conduct he engaged in with Jane Doe to Defendant **SZUBA**.

In violation of 18 U.S.C. §§ 2251(a) and (e).

## COUNT TWO

Between in or about June of 2017, and in or about January of 2018, in the Southern District of Ohio, the defendant, **DAVID E. FAIRCHILD**, did employ, use, persuade, induce, entice, and coerce a minor, specifically Jane Doe, an approximately two-year-old female, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing and attempting to produce any visual depiction of such conduct, to wit: one or more digital image and/or video files depicting Jane Doe engaged in sexually explicit conduct, including oral sexual intercourse, masturbation, and the lascivious display of the genitalia; the production of such visual depictions using materials that had been mailed, shipped and transported in or affecting interstate or foreign commerce by any means, specifically a cellular phone and laptop computer that were manufactured in whole or in part outside of the state of Ohio; and such visual depictions having been transmitted using any means and facility of interstate or foreign commerce, that is, the internet and cellular phones.

In violation of 18 U.S.C. §§ 2251(a) & (e).

## FORFEITURE COUNT A

The allegations contained in Counts One and Two of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 2253.

As a result of the offenses alleged in Counts One and Two of this Superseding Indictment, and upon conviction thereof, the defendant, **DAVID E. FAIRCHILD**, shall forfeit to the United States:

    a. All matter containing any visual depiction described in the allegations contained in Counts One and Two of this Superseding Indictment; and

    b. All property used or intended to be used to commit and to promote the commission of the aforementioned violations in Counts One and Two of this Superseding Indictment, including but not limited to the following:

        i. One Dell Inspiron laptop computer, serial number 35016175874; and
        ii. One LG LS777 Stylus 3 cellular phone, MEID # 089356114406504792.

In violation of 18 U.S.C. §§ 2253(a)(1) and (3).

## FORFEITURE COUNT B

The allegations contained in Count One of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 2253.

As a result of the offenses alleged in Count One of this Superseding Indictment, and upon conviction thereof, the defendant, **JESSE G. SZUBA**, shall forfeit to the United States:

    a. All matter containing any visual depiction described in the allegations contained in Count One of this Superseding Indictment; and

    b. All property used or intended to be used to commit and to promote the commission of the aforementioned violations in Counts One and Two of this Superseding Indictment, including but not limited to the following:

    i.    One Motorola Moto Z Play cellular phone, ESN #355675081385833.

In violation of 18 U.S.C. §§ 2253(a)(1) and (3).

                                A TRUE BILL.

                                s/Foreperson
                                _____
                                FOREPERSON

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

*[signature]*                                *[signature]*

HEATHER A. HILL (IL 6291633)         JONATHAN J.C. GREY (IL 6292918)
Assistant United States Attorney         Assistant United States Attorney

5