IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Case No: 2:18-CR-056 |
| v. | : |
| | : JUDGE MICHAEL H. WATSON |
| DAVID E. FAIRCHILD (1) | : |
| Counts 1 through 6, 9 & 11 | : |
| | : 18 U.S.C. §§ 2251(a) & (e) |
| JESSE G. SZUBA (2) | : 18 U.S.C. §§ 2251 (d) & (e) |
| Counts 1, 5 through 8 & 10 | : 18 U.S.C. §§ 2252(a)(2) & (b)(1) |
| | : 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2) |
| JOHN DOE (3) | : 18 U.S.C. §§ 2253(a)(1) & (3) |
| aka needadaddy82newark@outlook.com | : 18 U.S.C. § 2260A |
| Count 4 | : |

**SECOND SUPERSEDING INDICTMENT**

**THE GRAND JURY CHARGES:**

**COUNT ONE**

Beginning in at least December of 2017, and continuing through in or about February of 2018, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendants, **DAVID E. FAIRCHILD** and **JESSE G. SZUBA** (hereinafter "the defendants"), did knowingly, intentionally, and unlawfully conspire, confederate and agree with each other, to employ, use, persuade, induce, and entice a minor to engage in any sexually explicit conduct, as that term is defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct; and the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means or facility of interstate and foreign commerce; and such visual depiction actually was transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

## General Allegations

At all times relevant to this Second Superseding Indictment:

Minor Victim #1 (hereinafter "MV #1") was a minor female, born in 2016.

Minor Victim #2 (hereinafter "MV #2") was a minor male, born in 2014.

John Doe was an individual unknown to the Grand Jury, who utilized the e-mail account needadaddy82newark@outlook.com.

Defendant **FAIRCHILD** was an adult male who resided in the Southern District of Ohio and utilized various online usernames and accounts, including, davidfairchild19@gmail.com, davidfairchild73@hotmail.com, and NSABOTTOMBOI. Defendant **FAIRCHILD** also utilized a cellular phone, which had the capability to send and receive text (SMS) and picture (MMS) messages and to access the internet, and which was assigned the phone number 614-625-5693.

Defendant **SZUBA** was an adult male who resided in the Southern District of Ohio and utilized various online usernames and accounts, including, szuba2003@yahoo.com and countryguy030. Defendant **SZUBA** also utilized a cellular phone, which had the capability to send and receive text (SMS) and picture (MMS) messages and to access the internet, and which was assigned the phone number 740-618-0866.

## The Conspiracy

It was a part of this conspiracy that the defendants utilized computers, cellular phones and the internet to communicate with each other and other unknown individuals about their sexual interest in children and child pornography. The defendants utilized various methods of communication, including multimedia messages, e-mail, and chat applications, to receive and distribute child pornography files.

It was further part of this conspiracy, that the defendants communicated with each other

2

about sexually abusing MV #1 and MV #2. During these communications, the defendants exchanged child pornography files and discussed plans to engage in various sex acts with each other and with MV #1 and MV #2.

It was further a part of this conspiracy that Defendant **FAIRCHILD** regularly informed Defendant **SZUBA** about Defendant **FAIRCHILD's** interactions with MV #1, and that Defendant **SZUBA** informed Defendant **FAIRCHILD** about Defendant **SZUBA's** interactions with MV #2.

It was further a part of this conspiracy that Defendant **FAIRCHILD** engaged in sex acts with MV #1, and used and caused MV #1 to engage in sexually explicit conduct; that Defendant **FAIRCHILD** utilized a cellular phone and laptop computer to produce visual depictions of MV #1 engaged in such conduct; and that Defendant **FAIRCHILD** informed Defendant **SZUBA** of the visual depictions of sexually explicit conduct that he created of MV #1.

It was further a part of this conspiracy that Defendant **SZUBA** suggested that Defendant **FAIRCHILD** engage in additional sexual acts with MV #1, and requested that Defendant **FAIRCHILD** let Defendant **SZUBA** observe such sexual acts.

It was further a part of this conspiracy that Defendant **SZUBA** utilized a cellular phone and the internet to transport and transmit nude images of MV #2 to Defendant **FAIRCHILD**.

It was further a part of this conspiracy that Defendant **FAIRCHILD** utilized computers, cellular phones, and the internet to transport and transmit visual depictions of the sexually explicit conduct he engaged in with MV #1 to Defendant **SZUBA**.

In violation of 18 U.S.C. §§ 2251(a) and (e).

## COUNT TWO

In or about June of 2017, in the Southern District of Ohio, the defendant, **DAVID E. FAIRCHILD**, did employ, use, persuade, induce, entice, and coerce a minor, specifically MV #1, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing and attempting to produce any visual depiction of such conduct, to wit: one or more digital image and/or video files depicting MV #1 engaged in sexually explicit conduct, including masturbation and the lascivious display of the genitalia; the production of such visual depictions using materials that had been mailed, shipped and transported in or affecting interstate or foreign commerce by any means, specifically a cellular phone and laptop computer that were manufactured in whole or in part outside of the state of Ohio; and such visual depictions having been transmitted using any means and facility of interstate or foreign commerce, that is, the internet, computer and cellular phone.

In violation of 18 U.S.C. §§ 2251(a) & (e).

## COUNT THREE

In or about January of 2018, in the Southern District of Ohio, the defendant, **DAVID E. FAIRCHILD**, did employ, use, persuade, induce, entice, and coerce a minor, specifically MV #1, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing and attempting to produce any visual depiction of such conduct, to wit: one or more digital image and/or video files depicting MV #1 engaged in sexually explicit conduct, including anal sexual intercourse, oral sexual intercourse, and masturbation; the production of such visual depictions using materials that had been mailed, shipped and transported in or affecting interstate or foreign commerce by any means, specifically a cellular phone and laptop computer that were manufactured in whole or in part outside of the state of Ohio; and such visual depictions having

been transmitted using any means and facility of interstate or foreign commerce, that is, the internet, computer and cellular phone.

In violation of 18 U.S.C. §§ 2251(a) & (e).

### COUNT FOUR

On or about October 1, 2017, in the Southern District of Ohio, the defendant, **DAVID E. FAIRCHILD**, did knowingly distribute, and the defendant, **JOHN DOE**, an unknown individual utilizing the email account **needadaddy82newark@outlook.com**, did knowingly receive, one or more visual depictions using any means or facility of interstate or foreign commerce, including the internet, computer and cellular phone, the production of such visual depictions having involved the use of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such depictions being of such conduct, to wit:

**File Titles:** 20151012_054405_mpeg4.mkv.

In violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

### COUNT FIVE

On or about December 28, 2017, in the Southern District of Ohio, the defendant, **JESSE G. SZUBA**, did knowingly distribute, and the defendant **DAVID E. FAIRCHILD** did knowingly receive, one or more visual depictions using any means or facility of interstate or foreign commerce, including the internet, computer and cellular phone, the production of such visual depictions having involved the use of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such depictions being of such conduct, to wit:

**File Titles:** 4ba732c2b6b243e0024fe977a6de8ed2;
555f43be93ff9334bfe09192a5f82e7d.

In violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

5

## COUNT SIX

On or about January 26, 2018, in the Southern District of Ohio, the defendant **DAVID E. FAIRCHILD** did knowingly distribute, and the defendant **JESSE G. SZUBA** did knowingly receive, one or more visual depictions using any means or facility of interstate or foreign commerce, including the internet, computer and cellular phone, the production of such visual depictions having involved the use of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such depictions being of such conduct, to wit: digital files depicting MV #1 engaged in sexually explicit conduct, including the lascivious display of the genitalia of any person and oral sex.

In violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

## COUNT SEVEN

Between on or about January 26, 2018, and on or about January 31, 2018, the defendant, **JESSE G. SZUBA**, did knowingly make and publish, and cause to be made and published, notices and advertisements seeking and offering to receive visual depictions, the production of such visual depictions involving the use of a minor, specifically, MV #1 engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such visual depictions would be of such conduct; and such notices and advertisements were transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, by any means, including the internet, computer and cellular phone.

In violation of 18 U.S.C. §§ 2251(d)(1)(A), (2)(B), and (e).

## COUNT EIGHT

In or about January of 2018, the exact date being unknown to the Grand Jury, in the Southern District of Ohio, the defendant, **JESSE G. SZUBA**, did employ, use, persuade, induce, entice, and coerce a minor, specifically MV #2, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of attempting to produce any visual depiction of such conduct, to wit: one or more digital image files depicting the lascivious display of MV #2's genitals and pubic area; the production of such visual depictions using materials that had been mailed, shipped and transported in or affecting interstate or foreign commerce by any means, specifically a cellular phone that was manufactured in whole or in part outside of the state of Ohio; and such visual depictions having been transmitted using any means and facility of interstate or foreign commerce, that is, the internet, computer and cellular phone.

In violation of 18 U.S.C. §§ 2251(a) & (e).

## COUNT NINE

On or about February 2, 2018, in the Southern District of Ohio, the defendant, **DAVID E. FAIRCHILD**, knowingly possessed matter, that is, digital files stored on a cellular phone and laptop computer that contained one or more visual depictions; and such visual depictions were shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, the production of such visual depictions having involved the use of minors engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such visual depictions being of such conduct.

In violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

## COUNT TEN

Between in or about December of 2017, through in or about February of 2018, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendant, **JESSE G. SZUBA**, did knowingly access with intent to view any material, including digital files, that contained child pornography, as defined in Title 18, United States Code, Section 2256(8), such child pornography files having been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

## COUNT ELEVEN

Between in or about June of 2017, and January of 2018, in the Southern District of Ohio, the defendant, **DAVID E. FAIRCHILD**, an individual required by the law of the State of Ohio to register as a sex offender, committed the felony offenses involving a minor child as alleged in Counts One through Three of this Second Superseding Indictment.

In violation of 18 U.S.C. § 2260A.

## FORFEITURE COUNT A

The allegations contained in Counts One through Six and Nine of this Second Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 2253.

As a result of the offenses alleged in Counts One through Six and Nine of this Second Superseding Indictment, and upon conviction thereof, the defendant, **DAVID E. FAIRCHILD**, shall forfeit to the United States:

    a. All matter containing any visual depiction described in the allegations contained in Counts One through Six and Nine of this Second Superseding Indictment; and

    b. All property used or intended to be used to commit and to promote the commission of the aforementioned violations in Counts One through Six and Nine of this Second Superseding Indictment, including but not limited to the following:

        i. One Dell Inspiron laptop computer, serial number 35016175874; and
        ii. One LG LS777 Stylus 3 cellular phone, MEID # 089356114406504792.

In violation of 18 U.S.C. §§ 2253(a)(1) and (3).

## FORFEITURE COUNT B

The allegations contained in Counts One, Five through Eight, and Ten of this Second Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 2253.

As a result of the offenses alleged in Counts One, Five through Eight, and Ten of this Second Superseding Indictment, and upon conviction thereof, the defendant, **JESSE G. SZUBA**, shall forfeit to the United States:

    a. All matter containing any visual depiction described in the allegations contained in Counts One, Five through Eight, and Ten of this Second Superseding Indictment; and

    b. All property used or intended to be used to commit and to promote the commission of the aforementioned violations in Counts One, Five through

Eight, and Ten of this Second Superseding Indictment, including but not limited to the following:

    i.    One Motorola Moto Z Play cellular phone, ESN #355675081385833.

In violation of 18 U.S.C. §§ 2253(a)(1) and (3).

        A TRUE BILL.

        s/Foreperson
        FOREPERSON

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

HEATHER A. HILL (IL 6291633)      JONATHAN J.C. GREY (IL 6292918)
Assistant United States Attorney     Assistant United States Attorney

10