# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : CASE No. 2:18-CR-056(1) |
| v. | : |
| | : JUDGE MICHAEL H. WATSON |
| DAVID E. FAIRCHILD | : |

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Ohio (USAO) and the defendant, **DAVID E. FAIRCHILD**, individually and through counsel, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, agree as follows:

1. **Offense of Conviction**: The defendant agrees to plead guilty to Counts One and Eleven of the Second Superseding Indictment currently pending against him, which charges him in Count One with Conspiracy to Produce Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e), and in Count Eleven with Committing a Felony Offense Against a Minor as a Registered Sex Offender, in violation of 18 U.S.C. § 2260A, and will not withdraw his plea. The defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

2. **Elements of the Offenses:** The elements of the offenses to which the defendant has agreed to plead guilty, are as follows:

   **Count One**
   a) The defendant conspired or agreed with at least one other person to commit the crime of production of child pornography, the elements of which are:
      i. A defendant employed, used, persuaded, induced, enticed or coerced, an individual to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct;
      ii. The individual so employed, used, persuaded, induced, enticed or coerced was under the age of 18 years at the time; and
      iii. The visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer or the internet; and
   b) The defendant knowingly and voluntarily joined the conspiracy.

**Count Two**
1. The defendant committed a felony offense against a minor, including an offense under 18 U.S.C. § 2251;
2. At the time he committed the offense, the defendant was required by federal or state law to register as a sex offender.

3. **Penalties**: The statutory penalties are as follows:

**Count One**
a) A minimum of 15 years of imprisonment, but not more than 30 years of imprisonment, a term of supervised release of at least 5 years, a fine not to exceed $250,000.00;
b) Mandatory restitution pursuant to 18 U.S.C. § 2259;
c) Forfeiture; and
d) A mandatory special assessment of $100.00 due prior to sentencing. Pursuant to 18 U.S.C. § 3014, the defendant understands that in addition to the $100 special assessment imposed under 18 U.S.C. § 3013, the court shall assess $5,000 on any non-indigent person or entity.

**Count Two**
a) A mandatory ten-year consecutive term of incarceration, a term of supervised release of not more than three years, a fine not to exceed $250,000; and
b) A mandatory special assessment of $100.00 due prior to sentencing. Pursuant to 18 U.S.C. § 3014, the defendant understands that in addition to the $100 special assessment imposed under 18 U.S.C. § 3013, the court shall assess $5,000 on any non-indigent person or entity.

4. **Waiver of Rights**: The defendant understands that he has the following rights:

a) To plead not guilty;
b) To have a trial by jury;
c) To be assisted by counsel during such trial;
d) To confront and cross-examine adverse witnesses;
e) To testify, if so desired, and to present evidence and compel the attendance of witnesses;
f) To not be compelled to testify or present evidence, and to not have these decisions held against the defendant; and
g) To be presumed innocent throughout trial and until a jury finds proof of guilt beyond a reasonable doubt.

The defendant further understands that if the Court accepts his guilty plea pursuant to this plea agreement, there will be no trial and he waives these rights.

5. **Applicability of Advisory Sentencing Guidelines:** The defendant understands that in determining a sentence, the Court has an obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the United States Sentencing Guidelines ("U.S.S.G."), and other sentencing factors under 18 U.S.C. § 3553(a).

6. **Factual and Agreed Sentence Stipulation**: The parties agree to the Statement of Facts set forth in Attachment A, and incorporate it here by reference. The parties further agree that the Statement of Facts provide the factual basis for the defendant's plea, and for the following advisory sentencing guideline factors:

   a) The parties agree that U.S.S.G. § 2G2.1 is the guideline section applicable to Count One, resulting in a base offense level of 32.

   b) The parties agree that the following special offense characteristics pursuant to U.S.S.G. § 2G2.1(b) apply;
      i. A four-level increase pursuant to subsection (b)(1) because the offense involved a minor who had not attained the age of 12 years;
      ii. A two-level increase pursuant to subsection (b)(2) because the offense involved the commission of a sexual act or sexual contact;
      iii. A two-level increase pursuant to subsection (b)(3) because the defendant knowingly engaged in distribution;
      iv. A four-level increase pursuant to subsection (b)(4) because the offense involved material that portrays an infant or toddler; and
      v. A two-level increase pursuant to subsection (b)(5) because the defendant was a relative or guardian of the minor, or the minor was otherwise in the custody, care or supervisory control of the defendant.

   c) The defendant understands that the Probation Officer may determine, and the government may concur, that the two-level increase contained in U.S.S.G. § 2G2.2(b)(6) and the special instruction contained in § 2G2.1(d) apply.

   d) The parties agree that U.S.S.G. § 2A3.6 is the guideline section applicable to Count Eleven, resulting in a guideline sentence of 10 years.

   e) The USAO does not oppose a 2-level reduction in offense level pursuant to U.S.S.G. § 3E1.1 based upon the defendant's acceptance of responsibility, provided that the defendant's conduct continues to demonstrate compliance with the terms of § 3E1.1. The defendant may be entitled to an additional 1-level decrease pursuant to U.S.S.G. § 3E1.1(b) in recognition of the defendant's timely notification of his intention to plead guilty.

   f) The Court maintains discretion to determine all other aspects of the sentence.

3

7. **Additional Obligations of the Defendant**:

  a) Cooperation

The defendant agrees that he has a continuing obligation to testify truthfully and completely, as requested by authorities of the United States, concerning all matters pertaining to the Second Superseding Indictment filed herein and to any and all other criminal activity related to child pornography or the sexual exploitation of minors, in which he may have been involved or as to which he may have knowledge. The defendant further agrees to provide a complete statement to the USAO and any designated law enforcement agency concerning such matters pursuant to this agreement. The defendant also agrees to submit to supplemental debriefings on such matters as requested by the USAO and any designated law enforcement agency, whether before or after his plea is entered. In turn, pursuant to U.S.S.G. § 1B1.8, the government agrees that any self-incriminating information so provided will not be used against the defendant in determining the applicable guideline range for sentencing, or as a basis for upward departure from the advisory guideline range.

  b) Restitution

The defendant understands that he will be required to pay full restitution to the victims of the offense to which he is pleading guilty. The defendant agrees that, in exchange for the U.S. Attorney's Office's compliance with its obligations under this agreement, the Court may also order that he pay restitution to persons other than the victims of the offense to which the defendant is pleading guilty. In particular, the defendant agrees that the Court may order restitution to any victim of any other child pornography or child exploitation offenses that occurred during the time frame alleged in the Second Superseding Indictment, or which were otherwise discovered by the government during the course of the investigation in this case and known to the government at the time that this Plea Agreement is signed. The defendant further agrees that he will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. In furtherance of this agreement:

    i. If so requested by the USAO, the defendant will promptly submit a completed financial statement to the USAO. The defendant will acknowledge that such financial statement and disclosures will be complete, accurate, and truthful;

   ii. The defendant expressly authorizes the USAO and any agency designated by the USAO to obtain a credit report on the Defendant;

  iii. If requested by the USAO, the defendant will promptly execute authorizations to permit the USAO or its designated agency to obtain financial and tax records of the defendant.

c) <u>Forfeiture</u>

The defendant agrees to voluntarily surrender for forfeiture to the United States all of his right, title, and interest in all property recovered from him during the investigation, including but not limited to the following ("subject property"):

- One Dell laptop computer
- One LG cellular phone

The defendant acknowledges that the above described subject property was involved in his violations of 18 U.S.C. § 2251(a) and (e) as alleged in Count One of the Second Superseding Indictment and is therefore subject to forfeiture to the United States under 18 U.S.C. § 2253(a)(1) and (3).

The defendant waives all interests in and claims to the subject property listed above and hereby consents to the entry of a Preliminary Order of Forfeiture forfeiting the subject property to the United States. The defendant acknowledges that the forfeiture of the subject property may be accomplished through administrative, civil, or criminal proceedings at the United States' sole discretion. The defendant understands that forfeiture of the subject property, if the United States elects to conduct the forfeiture criminally, will be part of the sentence imposed upon him/her in this case, and waives any failure by the Court to advise him/her of this, as required by Federal Rule of Criminal Procedure 11(b)(1)(J), during the change-of-plea hearing. The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding announcement of the forfeiture in the defendant's presence at sentencing and incorporation of the forfeiture in the judgment.

      The defendant waives all constitutional and statutory challenges (including direct appeal, collateral attack, or any other means) to the forfeiture. As the subject property

covered by this agreement is forfeitable as property used or intended to be used to commit or to promote the commission of the offense of 18 U.S.C. § 2251(d)(1)(A) to which he has agreed to plead guilty, the defendant agrees to take all steps deemed necessary by the United States to complete the forfeiture and disposal of the subject property, including testifying truthfully in any judicial proceeding. Finally, the defendant releases any and all claims whatsoever that he may have against the United States, its agencies, and their employees, arising out of the facts giving rise to the seizure, forfeiture, and disposal of the subject property.

8. **Obligations of the USAO**: The USAO will not further prosecute the defendant for conduct prior to the date of this plea agreement that was part of the same course of criminal conduct described in the Second Superseding Indictment and that was known by the USAO at the time of the execution of this plea agreement. The USAO agrees to the dismissal of any remaining counts of the Second Superseding Indictment against the defendant at entry of the final judgment. This agreement does not bind any other local, state, or federal prosecutions.

9. **Waiver of Appeal**: In exchange for the concessions made by the USAO in this plea agreement, the defendant waives the right to appeal his conviction and the sentence imposed, except if the sentence imposed exceeds the statutory maximum. Defendant also waives the right to attack his conviction or sentence collaterally, such as by way of a motion brought under 28 U.S.C. § 2255. However, this waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel or prosecutorial misconduct.

10. **Freedom of Information Act**: The defendant waives all rights under the Freedom of Information Act relating to his investigation and prosecution and agrees not to file any request for documents. The defendant also waives all rights he may have under the Privacy Act of 1974, which prohibits the disclosure of records contained in a system of records without his written request or consent.

11. **Special Conditions Related to Child Exploitation Offenses**:
    a) The defendant understands that under the Sex Offender Registration and Notification Act (SORNA), as a result of his conviction for the offense to which he is pleading

6

guilty, the defendant must register as a sex offender and keep such information current in the jurisdictions where the defendant resides, is employed, or is a student.  The defendant must update such registration not later than three business days after any change of the defendant's name, residence, employment, or student status, or other relevant information.  Failure to comply with these obligations subjects the defendant to prosecution under 18 U.S.C. § 2250, as well as applicable state statutes.

   b)  The defendant understands and agrees that during any term of supervised release he will be subject to special conditions which include, but are not limited to the following: restrictions and/or prohibitions of the defendant's computer usage; installation of monitoring software on any of the defendant's computers; prohibitions on the defendant possessing any obscenity in any form; participation in recommended treatment programs; complete disclosure of any contact with minor children; among other restrictions and conditions which are reasonably related to the defendant's offense.

   12.  **Acceptance of Plea Agreement:**  The defendant understands that the Court is not bound by the sentencing recommendations or stipulations of the parties and that it is within the sole discretion of the Court to impose the sentence in this case.

   13.  **Violation of Plea Agreement**: The defendant agrees to abide by the terms of this agreement, including all of the conditions listed in U.S.S.G. § 3E1.1. The defendant understands that in the event he violates this agreement, the USAO will be relieved of all of its obligations under this agreement and may institute any charges or sentencing recommendations that would otherwise be prohibited by this agreement, and the defendant will not be relieved of any of his obligations under the plea agreement.  Further, the defendant understands and agrees that if he violates this agreement or it is voided for any reason, the defendant waives all defenses based upon the statute of limitations and the Speedy Trial Act as to any charges that are part of the same course of criminal conduct described in the Second Superseding Indictment.

   14.  **Defendant's Acknowledgment:**  The defendant acknowledges that he has read and understands this plea agreement; that he accepts this plea agreement knowingly and voluntarily and not as a result of any force, threats, or promises, other than the promises in this plea agreement; that he has conferred with his attorney regarding this plea agreement and the

facts and circumstances of his case, including the applicable law and potential defenses, and that he is fully satisfied with the representation, advice, and other assistance of his attorney in this case.

15. **Entire Agreement**: This is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties.

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

HEATHER A. HILL (IL 6291633)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Phone: (614) 469-5715
Fax: (614) 469-2200
Email: heather.hill@usdoj.gov

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, I voluntarily agree to it, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

11/13/18
Date

DAVID E. FAIRCHILD
Defendant

I am David E. Fairchild's attorney. I have carefully reviewed every part of this agreement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

11/13/18
Date

RASHEEDA Z. KHAN
Attorney for David E. Fairchild

8

## ATTACHMENT A:
## STATEMENT OF FACTS

*The United States and Defendant David E. Fairchild stipulate and agree that if this case proceeded to trial, the United States would prove the facts set forth below beyond a reasonable doubt. They further stipulate and agree that these are not all of the facts that the United States would prove if this case had proceeded to trial.*

In late January of 2018, the Franklin County Internet Crimes Against Children ("ICAC") Task Force received a CyberTip from the National Center for Missing and Exploited Children ("NCMEC"). The CyberTip was submitted to NCMEC by Google in regards to a digital video file depicting child sexual abuse that was uploaded to Google from Google username David TwistedBottomFreak Fairchild, email address davidfairchild19@gmail.com. The CyberTip information included the email address from which the video was uploaded, the IP address utilized to upload the video, and the actual video. The video was titled "Windows Media Player 1_19_2018 4_31_03 PM.mp4" and depicted an adult male anally penetrating a juvenile child, who appeared to be approximately two years of age or younger, with his penis.

Initial investigation of the Google username and gmail address provided in the CyberTip resulted in the identification of an individual named David E. FAIRCHILD, who was a registered sex offender living in the Kirkersville, Ohio area. Additional investigation confirmed that FAIRCHILD was residing at an apartment in Kirkersville with family members, which included several young children, one of whom appeared to be the same age as the child depicted in the video reported by Google. The IP address from which that video was uploaded also was assigned to the address where FAIRCHILD was living.

On February 2, 2018, a search warrant was executed at FAIRCHILD's residence. A Dell laptop computer was located in FAIRCHILD's bedroom and a forensic preview was conducted. A digital video file titled "Windows Media Player 1_19_2018 6_03_51 PM.mp4" was located on the laptop computer, which depicted FAIRCHILD performing oral sex on a juvenile child (hereinafter Victim #1). Victim #1 was identified as one of the children who lived in the residence with FAIRCHILD and was born in ▮▮▮▮. FAIRCHILD's face was visible in the video performing oral sex on Victim #1. The video had a file created date of January 19, 2018. Other child pornography files were found on FAIRCHILD's computer, and FAIRCHILD admitted in an interview that he sought out and viewed child pornography through various online sources. One of the videos located on FAIRCHILD's computer was the same video that had been uploaded to Google and which had prompted Google's CyberTip to NCMEC. Although, due to the appearance and age of the minor child in the video, this video was initially believed to depict Fairchild and Victim # 1, investigators later learned from NCMEC that the video depicts a different identified child. The producer of the video has been prosecuted in Knoxville, TN.

9

Further forensic examinations were conducted of several pieces of digital media that were recovered from FAIRCHILD's bedroom, including and LG Stylus cellular phone and a Dell laptop computer. The examinations revealed that FAIRCHILD was actively involved in obtaining and sharing child pornography and discussions about sexually abusing children.

Specifically, the forensic examination of FAIRCHILD's cellular phone revealed Kik Messenger conversations beginning in late December of 2017 with an individual utilizing the Kik user name "countryguy030". During these conversations, countryguy030, who was later identified as Jesse G. Szuba, and FAIRCHILD exchanged child pornography and discussed their desire to sexually abuse children. Their conversations also continued via text message, phone conversation and email. During both Kik and text message conversations, FAIRCHILD and Szuba discussed their desire to sexually abuse Victim #1 and a ▮▮▮▮▮▮▮▮ relative of Szuba (herein referred to as Victim #2). FAIRCHILD also sent Szuba several video attachments that depicted FAIRCHILD sexually abusing Victim #1, including portions of the video described above that was recovered from FAIRCHILD's laptop computer. They further discussed their child pornography collections and other children that FAIRCHILD had allegedly sexually abused. Examples of these conversations are as follows:

At the end of a Kik conversation on January 26, 2018, Szuba provided FAIRCHILD with his email address. A short time later, the two began conversing via text message and engaged in the following exchange:

| | |
|---|---|
| Szuba: | Sent you my email |
| FAIRCHILD: | I'm working on it |
| Szuba: | Is it you |
| FAIRCHILD: | Yes |
| Szuba: | Mmm and the little one and friend |
| FAIRCHILD: | No me and [Victim #1] |
| Szuba: | Oh God yes |
| Szuba: | When did you get her |
| FAIRCHILD: | a few days ago |
| Szuba: | Mmmm God I cant wait |
| Szuba: | To see what you did |
| FAIRCHILD: | Hold on |
| FAIRCHILD: | On. I have trimmed the Hell out of it. Hold on. |
| FAIRCHILD: | I hope you can see them |
| Szuba: | OMG that's fucking hot |
| Szuba: | To bad you could get dick in |
| FAIRCHILD: | Right |
| Szuba: | Dude I want to join you one night when you have her |
| FAIRCHILD | She tasted so damn good |
| Szuba: | I told you pussy taste amazing |
| FAIRCHILD: | I want you to fuck me while I eat her |
| Szuba: | Oh I will |
| FAIRCHILD: | I mean pound me HARD |
| Szuba: | I will pound you so hard you will be slamming your tongue in her pussy |

During the course of this conversation, FAIRCHILD sent Szuba an MMS message that contained two video clips.  The video clips were portions of the video that was found on FAIRCHILD's computer, which depicted him performing oral sex on Victim #1.  The conversation then continued:

    Szuba:        I was going to call you and tell you what [Victim #2] did last night
    FAIRCHILD: Go ahead
    Szuba:        I can call
    FAIRCHILD: Yes
    [four to five minute lapse in text message communications]
    FAIRCHILD: Yeah he wants you
    Szuba:        Yea he does
    FAIRCHILD: You need to give it to him
    Szuba:        Let's see if I get alobe
    FAIRCHILD: Sweet
    FAIRCHILD: Got my dick hard
    Szuba:        I bet
    FAIRCHILD: Hopefully you can do it. And hopefully on Zoom

Zoom is an online meeting forum, in which numerous individuals can communicate via webcam.  It has been known by law enforcement to be a place where child pornographers meet and live-stream child pornography files or live child sex abuse to all other members in a particular online meeting room.  During his interview, FAIRCHILD admitted that he had obtained child pornography via Zoom.

A search warrant was executed at Szuba's residence on February 12, 2018. Szuba was interviewed and admitted that he met FAIRCHILD through an ad on the online classified ad website Craigslist and that they engaged in graphic sexual conversations about Victim #1 and Victim #2. Szuba further admitted to exchanging child pornography with FAIRCHILD including sending FAIRCHILD a photograph of Victim #2 nude in the bathtub.  The images Szuba described were located on FAIRCHILD's computer and were confirmed to depict Victim #2.

Further review of Fairchild's digital media and the content of his email account, which was obtained through a search warrant served on Google, Inc. for the content of the Google accounts associated with the email address davidfairchild19@gmail.com, revealed that FAIRCHILD engaged in numerous additional chats and email conversations with others about child pornography and the sexual abuse of minors.



FAIRCHILD also communicated via email with the user of the email address needadaddy82newark@outlook.com, who was later determined to be Michael Allen.  During these communications, FAIRCHILD sent Allen numerous emails containing video attachments

and links to a Google Drive account.  The emails were sent between approximately September 1, 2017, and November 27, 2017.  At least 11 videos were attached to these emails, 10 of which depicted minors, including toddler-age children, being sexually abused.  For example, a video that was attached to one email sent on September 2, 2017, and another email sent on October 2, 2017, depicted the anal rape of a female child who appeared to be three to four years of age.  An email sent on October 14, 2017, contained five video attachments, four of which depicted child sexual abuse, including, the anal rape of a toddler-age child; a prepubescent boy being anally raped while his hands were handcuffed and his mouth was duct-taped; an approximately 11-13 year old male being anally raped; and an approximately 10-12 year old male performing oral sex on another unknown male.   Two emails that Fairchild sent to needadaddy82newark@outlook.com in November of 2017 contained six different links to Google Drive accounts.  Although the precise content of those Google Drive accounts accessible through those links could not be determined, review of Fairchild's Google Drive account confirmed the presence of numerous child pornography files.

A search warrant was executed at Allen's address in June of 2018.  Allen was present at the time that the search warrant was executed, and agreed to speak with officers.  During the interview, he admitted that he had communicated with FAIRCHILD and received child pornography from him.

FAIRCHILD was convicted in 1997 in the Franklin County Court of Common Pleas, of one count of Attempted Kidnapping, in violation of O.R.C. §§ 2923.03 and 2905.01.  As a result of this conviction, FAIRCHILD was required to register as a sex offender, and was so registered throughout December of 2017 and January of 2018.

FAIRCHILD now admits that between December of 2017 and January of, 2018, in the Southern District of Ohio, he did knowingly conspire, confederate and agree with another to employ, use, persuade, induce or entice a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and such visual depictions having been transported or transmitted using any means or facility of interstate or foreign commerce, and that he did so while required to register as a sex offender under Ohio law.

I have read the statement of facts and have carefully reviewed it with my attorney.  I acknowledge that it is true and correct.

__11/13/18__
Date

DAVID E. FAIRCHILD
Defendant

I am David E. Fairchild's attorney.  I have carefully reviewed the Statement of Facts with him.

__11/13/18__
Date

RASHEEDA Z. KHAN
Attorney for David E. Fairchild

12